IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MATTHEW R. NATUSCH,

        Plaintiff,

v.                                                                               Civil Action No.:1:16-CV-81
                                                                                     (JUDGE KEELEY)

DELORIS J. NIBERT, individually
and in her capacity as Marion County
West Virginia Temporary Family
Court Judge; and
DAVID R. JANES, individually, and
in his capacity as Marion County West
Virginia Circuit Court Judge,

        Defendants.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

      The Plaintiff, Matthew Natusch, a resident of North Carolina, was a party to several North Carolina state court matters concerning child support and child custody. The individual with whom the Plaintiff shares custody relocated to West Virginia. The exact timeline is unclear however, at some point the West Virginia state courts began exercising jurisdiction over the Plaintiff's family law matters. This suit concerns alleged wrong doing by two judges in the Plaintiff's West Virginia family law proceedings. Defendant Judge Deloris Nibert was the presiding Family Court judge and issued an order that the Plaintiff viewed as unfavorable. The Plaintiff appealed and Defendant Judge David Janes ultimately issued an opinion dismissing the Plaintiff's appeal.

      On May 5, 2016, the Plaintiff, proceeding *pro se*, filed a complaint in this court against the Defendants in their individual and official capacities. On May 26, 2016, the Defendants, represented

by counsel, filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 18. This court did not issue a *Roseboro* notice to the *pro se* Plaintiff. However, the Plaintiff filed a response to the Defendants' motion to dismiss on June 8, 2016. ECF No. 27.

For the reasons discussed below, the court recommends that the Defendants' [ECF No. 18] Motion to Dismiss on Behalf of Deloris J. Nibert and David R. Janes be **GRANTED**.

## II. DISCUSSION

The Plaintiff makes four claims. First, 42 U.S.C. § 1983 based on violations of Articles IV and VI and the Fifth and Fourteenth Amendments of the United States Constitution and 28 U.S.C. §§ 1738 and 1738B. Second, a violation of 18 U.S.C. § 242. Third, attorneys fees pursuant to 42 U.S.C. § 1988. Fourth, injunctive relief regarding the Defendants' conduct.

The Defendants advance four arguments that the case should be dismissed. First, the *Rooker-Feldman* Doctrine bars review of these claims. Second, the Plaintiff's claims are barred by the Eleventh Amendment. Third, Judicial Immunity bars the claims against the Defendants. Fourth, the court should decline to hear the case because of the *Younger* abstention doctrine. The court is persuaded by the Defendants' arguments and finds that this court does not have jurisdiction to hear the Plaintiff's claims. Therefore, reaching the merits of the Plaintiff's arguments is unnecessary.

### A. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine "bars district courts from sitting in direct review of state court decisions." *Davani v. Virginia Dep't of Trans.*, 434 F. 3d. 712, 717 (4th Cir. 2006) (citations omitted). The Plaintiff argues that the state court hearings resulted in "new causes for Plaintiff under § 1983 for numerous constitutional grievances." ECF No. 27 at 5 (quotations omitted). Thus, the Plaintiff argues, the court does not need to sit in "appellate review" of the state court action. *Id*.

Indeed, the *Rooker-Feldman* Doctrine does not apply "[i]f a federal plaintiff presents some independent claim." *Davani,* 434 F. 3d. at 718 (quotations omitted).

However, the claims presented by the Plaintiff here stem from the state court hearings and are not independent. For example, the Plaintiff argues that the West Virginia state court judges violated the Full Faith and Credit Clause of the United States Constitution by disregarding a North Carolina state court order in a related child custody matter. ECF No. 1 at 25. The Plaintiff further argues that he was not notified of a West Virginia state court hearing thus, his Due Process rights were violated because "the United States Constitution includes an individual's right to be adequately notified of charges or proceedings." ECF No. 1 at 26 (citing *Goldberg v. Kely*, 397 U.S. 254, 267 (1970). These are not independent causes of action rather, they are new theories challenging the West Virginia state court's handling of the matter. As the Defendants point out, it is well established that a "federal plaintiff cannot escape the *Rooker-Feldman* bar by simply relying on a legal theory not raised in state court." *Hoblock v. Albany County Bd. Of Elections*, 422 F.3d 77, 87 (2nd Cir. 2005). Therefore, the Plaintiff's claims should be dismissed because reviewing the state court actions is inappropriatee under the *Rooker-Feldman* doctrine.

### B. The Eleventh Amendment

The Defendants argue that the Eleventh Amendment bars the Plaintiff's claims for damages against them in their official capacity. The court is persuaded by the Defendants' argument and finds that the Plaintiff's claims for damages are barred by the Eleventh Amendment.

The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The

Supreme Court has held that, "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "This bar remains in effect when State officials are sued for damages in their official capacity." *Id*.

The Plaintiff argues that 42 U.S.C. § 1983 is a valid congressional override to the Eleventh Amendment. However, the Supreme Court has held that section 1983 was not intended to abrogate a State's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 332 (1979).

Furthermore, the Plaintiff argues that damages under 42 U.S.C. § 1988 are not barred by the Eleventh Amendment if the judicial act "was clearly in excess of such officer's jurisdiction." ECF No. 27 at 8 (citing 42 U.S.C. § 1988(b)). The Plaintiff defines jurisdiction and—in a conclusory manner—asserts that the Defendants here acted without jurisdiction. However, the Plaintiff does not direct this court to any cases reaching a similar holding to the one which he argues. Here, this was a family law matter handled by a family law court which was appealed to the appropriate state court. This matter seems to be squarely within the jurisdiction of the said state courts thus, this court cannot say that the actions were "*clearly* in excess" of the courts' jurisdiction. 42 U.S.C. § 1988(b) (emphasis added).

Moreover, the Plaintiff's 42 U.S.C. § 1988 argument puts the cart before the horse. In order to recover for attorney's fees under 42 U.S.C. § 1988(b) the Plaintiff must first successfully establish a claim under 42 U.S.C. § 1983. As discussed above, the Plaintiff's 42 U.S.C. § 1983 claim is barred by the Eleventh Amendment.

### C. Judicial Immunity Doctrine

The Defendants argue that the Judicial Immunity doctrine bars the Plaintiff's claims against

them in their personal capacity. The court is persuaded by this argument. Judges are immune from liability so long as their judicial acts were not taken in "clear absence of all jurisdiction." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871). Indeed, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

The Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B, provides which state may enforce a child support order when multiple states may have jurisdiction. The Plaintiff argues that the Defendants here improperly applied 28 U.S.C. § 1738B by concluding that the West Virginia state courts had jurisdiction over the underlined case. ECF No. 27 at 10-11. Therefore, the Plaintiff argues, the Defendants acted without jurisdiction.

It is apparent that the Defendants did not act in "clear absence of all jurisdiction." *Bradley*, 80 U.S. at 351. Indeed, West Virginia State Code §§ 48-16-611 and 51-2A-2(a)(9) establish that family courts have jurisdiction to modify child support orders. Therefore, the Defendants were not clearly without jurisdiction even if the Defendants did indeed misapply 28 U.S.C. § 1738B. However, as explained in part A, the Defendants' application of 28 U.S.C. § 1738B is an application of the law by a state court and is therefore inappropriate for this court to review. Thus, the Defendants' actions were not taken in clear absence of jurisdiction and their application of the law will not be reviewed.

### D. *Younger* Abstention Doctrine

In *Younger v. Harris*, the Supreme Court held that there is a "fundamental policy against federal interference with state criminal prosecutions." 401 U.S. 37, 46 (1971). The Supreme Court later expanded the *Younger* doctrine to certain civil cases. *See Huffman v. Pursue, Ltd.*, 420 U.S.

592, 604 (1975) (applying *Younger* to a nuisance claim).

In *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, the Supreme Court established a three-prong test to determine whether the *Younger* doctrine applies. 457 U.S. 423, 432 (1982). First, is there an ongoing state judicial proceeding. *Id*. Second, do the proceedings implicate important state interests. *Id*. Third, is there adequate opportunity in the state proceedings to raise constitutional challenges. *Id*. In *Sprint Commc'ns, Inc. v. Jacobs*, the Supreme Court clarified that the *Middlesex* framework is not determinative but rather provides "factors appropriately considered by the federal court before invoking *Younger*." 134 S. Ct. 584, 587 (2013).

The *Sprint* court further explained that *Younger* justifies a federal court's refusal to decide a case in three "exceptional circumstances." *Id*. at 586. "First, *Younger* precludes federal intrusion into ongoing state criminal prosecutions. Second, certain 'civil enforcement proceedings' warrant Younger abstention. Finally, federal courts should refrain from interfering with pending 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id*. (citations omitted).

The Defendants argue that the proceedings here "[involve] certain orders . . . uniquely in furtherance of the state courts' ability to perform judicial functions." ECF No. 29 at 11 (citing *Sprint*, 134 S. Ct. at 586). This court agrees and finds that it is appropriate to abstain from deciding the Plaintiff's claims. Indeed, it is difficult to imagine a case that would more thoroughly disrupt the the judicial functions of the state. For example, the Plaintiff sued the Defendant judges in their official capacities for actions taken while on the bench and demands that this court overturn previous state court orders and enjoin the judges from entering new orders.

Moreover, the second factor identified in *Middlesex*—whether the proceedings implicate

important state interests—weighs heavily in favor of abstention. Indeed, states have "an overriding interest in ordering, monitoring, enforcing and modifying child support obligations." *Anthony v. Council*, 316 F.3d 412, 421 (3d Cir. 2003). It is well established that "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979).

### E. Injunctive Relief Under 42 U.S.C. § 1983

The Plaintiff demands that this court grant injunctive relief for several violations of 42 U.S.C. § 1983. ECF No. 1. United States Code section 42 U.S.C. § 1983 provides, "in any action brought against a judicial officer for an act or omission taken in such officer's judical capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Therefore, the Defendants argue that as judicial officers they that cannot be liable under 42 U.S.C. § 1983.

The Plaintiff argues that the Defendants violated several declaratory decrees from North Carolina state courts therefore, the exception to 42 U.S.C. § 1983 is violated. It is unclear whether the North Carolina courts entered declaratory decrees within the meaning of 42 U.S.C. § 1983 or whether the West Virginia state court violated them. However, these are questions that this court will not reach. Indeed, these questions require this court to review the application of the law and decisions made by the West Virginia state court which, as discussed above, is inappropriate.

### F. 18 U.S.C. §§ 4 and 2382

The Plaintiff brought claims under 18 U.S.C. §§ 4 and 2382, however, the Plaintiff concedes that because these are criminal statutes he does not have a private right of action.

## III. RECOMMENDATION

Based upon the foregoing, this court **RECOMMENDS** that Defendants' [ECF No. 18] Motion to Dismiss be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record.

Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

**Dated**: September 22, 2016

/s/ *James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE